# Federal Defenders
## OF NEW YORK



Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Leonard F. Joy
*Executive Director*

Southern District of New York
John J. Byrnes
*Attorney-in-Charge*

March 5, 2008

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/6/08 (w/s)

Honorable Sidney H. Stein
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1010
New York, New York 10007

Re:  **United States v. Gerald Alan Harris**
     **07 Cr. 742 (SHS)**

Your Honor:

I am writing to request an extension of time to file an additional submission by Mr. Harris with respect to the evidence and issues to be presented at the hearing scheduled for March 17, 2008. The initial submission was due on March 3, 2008. However, I did not receive either the first Presentence report or the Psycho-Sexual Assessment prepared for Mr. Harris at the request of the Probation Office until today. Accordingly, I am requesting an additional week to file a supplemental submission after discussing these documents with Mr. Harris. The following letter, however, addresses the scope and expected evidence to be adduced at the March 17, 2008 hearing.

This case involves an e-mail correspondence Mr. Harris had over the internet with Michael Smith, an undercover New York City Police Officer, posing as "Ellenofriverdale," a supposed 33 year-old divorced woman and mother of two girls ages 12 (Krista) and 9. According to the Criminal Complaint filed against Mr. Harris, Mr. Harris met "Ellen" in an on-line chat room. Between June 22, 2007 and July 12, 2007, he engaged in an extensive e-mail and instant messaging correspondence with both "Ellen" and "Krista." He allegedly sent child pornography to both "Ellen" and "Krista." The Complaint further alleges that Mr. Harris traveled to New York City for the purpose of meeting Ellen and her daughters and engaging in sexual activities with them. Mr. Harris was arrested at a Starbucks Restaurant in the Bronx where he had arranged to meet Ellen.

On November 29, 2007, Mr. Harris pled guilty to two counts of distribution of child pornography, pursuant to a plea agreement. The plea agreement sets forth the sentencing guideline calculations for Mr. Harris' offense. Mr. Harris, however, reserved the right to

Honorable Sidney H. Stein  
United States District Court  
Southern District of New York

March 5, 2008  
Page 2

**Re: United States v. Gerald Alan Harris**  
07 Cr. 742 (SHS)

challenge a proposed seven level enhancement, pursuant to U.S.S.G. §2G2.2(b)(3)(E) for "Distribution to a minor that was intended to persuade, induce, entice, or facilitate the travel of, the minor to engage in prohibited sexual conduct."

The purpose of the March 17, 2008 hearing is to address the government's contention that Mr. Harris distributed child pornography to "Krista" that was "intended to persuade, induce, entice, or coerce or facilitate the travel of, the minor to engage in prohibited sexual conduct." U.S.S.G. § 2G2.2(b)(3)(E). Because Mr. Harris contests this allegation, the government bears the burden of proving the claim by a preponderance of the evidence. Federal Rule of Criminal Procedure 32 (I); U.S.S.G. § 6A1.3; United States v. Ibanez, 924 F.2d 427 (2d Cir. 1991).

The government will not be able to meet its burden. Rather, the evidence will demonstrate that Mr. Harris believed that he was corresponding with an adult woman and that he traveled to New York for the sole purpose of meeting Ellen. Accordingly, the proposed guideline enhancement should not be used in calculating Mr. Harris' sentencing guidelines.

Mr. Harris expects that the evidence at the hearing will consist of (1) his own testimony, (2) the texts of the instant messages and e-mails exchanged between him and Detective Michael Smith ("Ellenofriverdale"), (3) testimony from Detective Smith, the undercover police officer, (4) statements made by Mr. Harris to law enforcement officers following his arrest, and (5) the February 29, 2004 Psycho-Sexual Assessment prepared by Kenneth Lau on behalf of the Probation Office.

Mr. Harris' own testimony and the report of Mr. Lau will establish that Mr. Harris has never had any sexual contact with children nor expressed any desire to have such contact. The evidence will further show that Mr. Harris, at all relevant times, knew that he was not corresponding with a minor child, but, rather, believed that his instant messaging exchanges with "Krista" were part of a fantasy created by himself and "Ellen" for their mutual enjoyment and that he always knew that "Krista" did not exist, but was only a persona employed by Ellen. Detective Smith's own testimony, and the timing, tone, wording, and context of the instant messages will provide further support for the fact that Mr. Harris knew that "Krista" was only a fantasy. Mr. Harris' behavior during his trip to New York and his post-arrest statements will offer yet more proof that he did not intend any conduct that would satisfy the guideline definition at issue.

Honorable Sidney H. Stein  
United States District Court  
Southern District of New York

March 5, 2008  
Page 3

Re:   **United States v. Gerald Alan Harris**  
      07 Cr. 742 (SHS)

     As I only received the Pre-Sentence Report and Psycho-Sexual Assessment today, I have not yet had the opportunity to discuss them with Mr. Harris. Accordingly, I am requesting an additional week to provide a supplement submission after I have had the opportunity to do so. The government takes no position on this request.

Respectfully submitted,

Mark B. Gombiner  
Attorney for Gerald Alan Harris

cc: A.U.S.A. Christian Everdell

*Defense submissions due 3/10/08,*  
*Gov't submission due 3/17/07.*  
SO ORDERED 3/6/08

_____  
SIDNEY H. STEIN  
U.S.D.J.