USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/28/08

U.S. Department of Justice

United States Attorney
Southern District of New York

RECEIVED
JUL 2 5 2008
CHAMBERS OF
JUDGE SIDNEY H. STEIN
U.S.D.J.

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 25, 2008

**BY FACSIMILE**

The Honorable Sidney H. Stein
United States District Judge
United States Courthouse
500 Pearl Street, Room 1010
New York, New York 10007

**MEMO ENDORSED**

7/28/08 Any defense submission by Aug 1; any gov't response by Aug 6 at Noon.
So ordered
H Stein
SDJ

Re:   United States v. Gerald Alan Harris,
      S1 07 Cr. 742 (SHS)

Dear Judge Stein:

    Pursuant to the Court's request at the July 10, 2008 conference in the above-captioned matter, I write to inform the Court that the parties have reached a tentative agreement regarding the arguments that the parties will, and will not, pursue at the defendant's sentencing, which is currently scheduled for August 8, 2008, at 11:00 a.m..

    Under the terms of the proposed sentencing agreement (the "Stipulated Sentencing Agreement" or the "Agreement"), which will supersede the November 28, 2007 plea agreement between the Government and the defendant (the "November 28, 2007 Plea Agreement"), the Government will withdraw its request, set forth in the Government's sentencing letter, dated April 25, 2008, that the Court apply a two-level enhancement for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, and decline to grant a three-level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, based on the defendant's testimony at the *Fatico* hearing on March 18-19, 2008. In turn, the defendant agrees to withdraw his motion, set forth in his letter to the Court, dated June 9, 2008, that the Government breached the November 28, 2007 Plea Agreement based on this request.

    In addition, under the terms of the Stipulated Sentencing Agreement, either party may seek a sentence outside of the Stipulated Guidelines Range contained in the Agreement, suggest that the Probation Department consider a sentence outside of the Stipulated Guidelines Range, and suggest that the Court consider a sentence outside of the Stipulated Guidelines

The Honorable Sidney H. Stein
July 25, 2008
Page 2 of 2

Range, based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).[1]

      I have spoken to Mark Gombiner, counsel for the defendant, and he has indicated his initial approval of the Stipulated Sentencing Agreement. Mr. Gombiner now wishes to review the terms of the Agreement with the defendant to ensure that the defendant accepts the terms as well. Accordingly, subject to the defendant's approval of the Agreement, sentencing may proceed on August 8, 2008, at 11:00 a.m., as scheduled.

      Because Mr. Gombiner has indicated that he wishes to make additional sentencing arguments apart from the arguments set forth in his original sentencing submission, dated April 18, 2008, the Government respectfully requests that these arguments be submitted to the Court sufficiently in advance of sentencing to allow the Government to respond.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney

By: _____
Christian R. Everdell
Assistant United States Attorney
(212) 637-2556

cc: Mark Gombiner, Esq. (by fax)

---

[1] The Stipulated Guidelines Range contained in the Stipulated Sentencing Agreement is identical to the Stipulated Guidelines Range contained in the November 28, 2007 Plea Agreement.